# EXHIBIT "A"

* Electronically Filed by Superior Court of California, County of Orange, 03/07/2024 08:00:00 AM.
30-2024-01384390-CU-OE-CXC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By S. Juarez, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

|  | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WALT DISNEY PARKS AND RESORTS US, INC., A Florida Corporation; Additional Parties Form Attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHARLIE TORRES individually,
Additional Parties Form Attached.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California, County of Orange, Civil Complex Center, 751 West Santa Ana Blvd., Santa Ana, California 92701 | CASE NUMBER: *(Número del Caso):* 30-2024-01384390-CU-OE-CXC |
|---|---|
|  | Judge Randall J. Sherman |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Ronald L. Zambrano, 1147 South Hope Street, Los Angeles, California 90015, (213) 927-3700

| DATE: 03/07/2024 *(Fecha)* | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by *(Secretario)* S. Juarez — S. Juarez | , Deputy *(Adjunto)* |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, *(POS-010)*).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* WALT DISNEY PARKS AND RESORTS US, INC., A Florida Corporation

under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 *www.courtinfo.ca.gov* |
|---|---|---|

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Torres, et al. v. Walt Disney Parks and Resorts US, Inc., et al. | 30-2024-01384390-CU-OE-CXC |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

[✓] Plaintiff      [ ] Defendant      [ ] Cross-Complainant      [ ] Cross-Defendant

and on behalf of others Similarly Situated pursuant to the California Private Attorneys General Act,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Torres, et al. v. Walt Disney Parks and Resorts US, Inc., et al. | 30-2024-01384390-CU-OE-CXC |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff     ☑ Defendant     ☐ Cross-Complainant     ☐ Cross-Defendant

DISNEY WORLDWIDE SERVICES INC., a Florida Corporation; and DOES 1 through 250,

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Electronically Filed by Superior Court of California, County of Orange, 03/07/2024 08:00:00 AM.
30-2024-01384390-CU-OE-CXC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By S. Juarez, Deputy Clerk.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WALT DISNEY PARKS AND RESORTS US, INC., A Florida Corporation; Additional Parties Form Attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHARLIE TORRES individually,
Additional Parties Form Attached.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California, County of Orange, Civil Complex Center, 751 West Santa Ana Blvd., Santa Ana, California 92701 | **CASE NUMBER:**<br>*(Número del Caso):*<br>30-2024-01384390-CU-OE-CXC<br><br>Judge Randall J. Sherman |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Ronald L. Zambrano, 1147 South Hope Street, Los Angeles, California 90015, (213) 927-3700

| | | | | |
|---|---|---|---|---|
| DATE: 03/07/2024<br>*(Fecha)* | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* | S. Juarez    S. Juarez | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

| | |
|---|---|
| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☒ on behalf of *(specify):* DISNEY WORLDWIDE SERVICES INC., a Florida Corporation<br>under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)<br>☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)<br>☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)<br>☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Torres, et al. v. Walt Disney Parks and Resorts US, Inc., et al. | 30-2024-01384390-CU-OE-CXC |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[✓] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

and on behalf of others Similarly Situated pursuant to the California Private Attorneys General Act,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Torres, et al. v. Walt Disney Parks and Resorts US, Inc., et al. | 30-2024-01384390-CU-OE-CXC |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff     ☑ Defendant     ☐ Cross-Complainant     ☐ Cross-Defendant

DISNEY WORLDWIDE SERVICES INC., a Florida Corporation; and DOES 1 through 250,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Electronically Filed by Superior Court of California, County of Orange, 03/07/2024 08:00:00 AM.
30-2024-01384390-CU-OE-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By S. Juarez, Deputy Clerk.

Neama Rahmani (State Bar No. 223819)
*efilings@westcoattriallawyers.com*
Ronald L. Zambrano (State Bar No. 255613)
*ron@westcoasttriallawyers.com*
Ashley J. Garay (State Bar No. 318131)
*ashleyg@westcoasttriallawyers.com*
WEST COAST TRIAL LAWYERS, APLC
1147 South Hope Street
Los Angeles, California 90015
Telephone: (213) 927-3700
Facsimile: (213) 927-3701

Attorneys for Plaintiffs, CHARLIE TORRES individually, and on behalf of others Similarly Situated pursuant to the California Private Attorneys General Act,

Assigned for All Purposes
Judge Randall J. Sherman
Dept. CX105

## SUPERIOR COURT OF THE STATE OF CALIOFRNIA

## FOR THE COUNTY OF ORANGE

CHARLIE TORRES individually, and on behalf of others Similarly Situated pursuant to the California Private Attorneys General Act,

Plaintiffs,

v.

WALT DISNEY PARKS AND RESORTS US, INC., A Florida Corporation; DISNEY WORLDWIDE SERVICES INC., a Florida Corporation; and DOES 1 through 250,

Defendants.

CASE NO.: 30-2024-01384390-CU-OE-CXC

**CLASS ACTION COMPLAINT FOR DAMAGES, PENALTIES, ATTORNEYS FEES, AND INJUNCTIVE RELIEF FOR, *INTER ALIA*, LABOR CODE WAGE AND HOUR VIOLATIONS**

**DEMAND FOR JURY TRIAL**

CLASS ACTION COMPLAINT FOR DAMAGES

Plaintiff CHARLIE TORRES and Other Aggrieved Employees, (hereinafter "Plaintiffs") on behalf of themselves and acting for the interests of other current and former employees, allege as follows:

## NATURE OF THE ACTION

1. This is an underpayment of wages class action pursuant to California Code of Civil Procedure § 382, on behalf of Plaintiffs and all individuals working or having worked as "Maintenance Engineers" ("Class Members") for Defendants WALT DISNEY PARKS AND RESORTS US, INC. and DISNEY WORLDWIDE SERVICES INC, (hereinafter "DISNEY" or "DEFENDANT EMPLOYER") within the State of California.

2. Plaintiff is informed and believe and, based thereon allege, that the Class Members consist of approximately 100 current and former Maintenance Engineer employees and 16 Assistant Maintenance Engineer employees (hereinafter "Maintenance Engineer(s)"). This class of employees were required by DISNEY to supply their own hand tools.

3. DISNEY failed to pay Plaintiff and other Class Members/Aggrieved Employees the required double the minimum as prescribed by the Wage Orders for requiring they bring their own hand tools.

4. Because of the underpayment of wages (i.e., less than the required double the minimum wage) DISNEY failed to pay the correct regular rate, overtime rate or daily rate. DISNEY also failed to accurately itemize in wage statements for failure to set the correct rate as required by the Wage Orders.

5. Pursuant to company policy and/or practice and/or direction, for Plaintiff TORRES and the proposed Class in paying less than the required double minimum wage, DISNEY failed to: (1) provide final paychecks immediately upon involuntary termination or within 72 hours of voluntary separation; (2) pay final wages at the location of employment; and/or (3) include all wages due in the final paychecks.

6. Plaintiff, on behalf of himself and all Class Members, bring this action pursuant to Labor Code §§ 201, 202, 203, 218.5, 218.6, 226, 226.7, 226.8, 510, 1194, 1197, 1198, 2082, 2998 et seq. California Code of Regulations, Title 8, § 11050 and Industrial Welfare Commission

CLASS ACTION COMPLAINT FOR DAMAGES

1

Wage Order No. 4, for unpaid wages, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

7.    Pursuant to Article VI, § 10 of the California Constitution, subject matter jurisdiction is proper in the Superior Court of California, County of Los Angeles, State of California.

8.    This Court has personal jurisdiction over the Defendants because Defendants conduct business in California and because the events or transactions giving rise to this action occurred within California.

9.    Pursuant to § 395 of the California Code of Civil Procedure, venue as to each Defendant is proper in the Superior Court of California for Orange County, because this is where Plaintiff is employed as an Assistant Maintenance Engineer, and this is where the wrongful misconduct alleged herein occurred. Defendants operate a theme park and hotel, employ hourly employees, conduct business, and commit Labor Code violations in Orange County, and each Defendant is within the jurisdiction of this Court for serve of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and within Orange County. Defendants employ numerous Class Members in Orange County.

## PARTIES

10.    The named Plaintiff, CHARLIE TORRES, is a natural person and a citizen of the State of California.

11.    Defendant WALT DISNEY PARKS AND RESORTS US, INC, and DISNEY WORLDWIDE SERVICES, INC. (hereinafter collectively referred to as "DISNEY" or "DEFENDANT EMPLOYER") is, and at all times herein mentioned, was a Florida corporation that is engaged in the ownership and operation of hotels in Orange County with the capacity to sue and to be sued, and doing business, with the same principal place of business located at 1150 Magic Way, Anaheim, California 92802.

//

12.    Plaintiffs are informed and believe and thereon allege, that each of the Defendants herein were at all times the agent, employee, or representative of each remaining Defendant and were at all times herein acting within the scope and purpose of said agency and employment. Plaintiffs further allege that as to each Defendant, whether named or referred to as a fictitious name, supervised, ratified, controlled, acquiesced in, adopted, directed, substantially participated in, and/or approved the acts, errors, or omissions, of each remaining Defendant.

13.    On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants' common company policy of requiring Maintenance Engineers to provide their own hand tools and equipment. On information and belief, Defendants willfully failed to pay their employees and members of the Plaintiff Class required double-minimum wage for supplying their own tools for essential job performance as prescribed by the Wage Orders.

14.    On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants' common company policy of providing no rest periods and no meal periods to employees working at least five hour shifts or second meal periods for shifts of at least ten hours nor compensation in lieu thereof. On information and belief, Defendants willfully failed to pay their employees and members of the Plaintiff Class in a timely manner rest and meal period compensation due and owing to them upon termination of their employment with Defendants.

15.    On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants' common company policy of failing to fully compensate Plaintiff Class for hours worked in excess of 8 hours in a day, nor paid the correct overtime rate for applicable overtime hours worked.

16.    The true names and capacities of the Defendants named herein as DOES 1 through 250, inclusive, whether individual, corporate, partnership, association, or otherwise, are unknown to Plaintiffs who therefore sue these Defendants by such fictitious names. Plaintiff will request leave of court to amend this Complaint to allege their true names and capacities at such time as they are ascertained.

//

//

CLASS ACTION COMPLAINT FOR DAMAGES
3

## GENERAL ALLEGATIONS

17.     Defendant DISNEY owns and operates theme parks and hotels throughout California, including Disneyland Hotel, and, at all times during the liability period, has conducted business in Orange County and elsewhere within California. At this hotel, Defendant has, among other things, employed persons as Assistant Maintenance Engineer.

18.     On or around February 14, 2022, Plaintiff TORRES started working for Defendant DISNEY as an Assistant Maintenance Engineer.

19.     During the liability period, Plaintiff TORRES and the Proposed Class were employed by Defendants as Maintenance Engineers or Assistance Maintenance Engineer (hereinafter "Maintenance Engineer(s)") and were paid on an hourly basis. Plaintiff and the members of the Plaintiff Class were not provided rest or meal periods or compensation in lieu thereof as mandated at the correct hourly rate of double the minimum wage pursuant to the Wage Orders.

20.     On information and belief, Defendants are and were well aware that Maintenance Engineers were not provided rest and meal periods. Defendants' denial of wages and other compensation due to Plaintiff and members of the Plaintiff Class in the position of Maintenance Engineer was willful and deliberate.

21.     Under California Wage Orders, employees required to bring their own tools must be paid double the minimum wage.

22.     DISNEY did not pay at least double the minimum wage to Plaintiff and the Proposed Class who were entitle to same under the Wage Orders for being required to bring their own hand tools.

23.     Under California law, all employers must provide wage statement listing twelve specific items as set forth in Labor Code § 226, including the accurate accounting of hours worked.

24.     Plaintiffs and Class Members were not paid the correct rate for all the overtime hours they worked on those periods as the regular rate was not the required double-minimum wage.

25. For those in the proposed class that were fired, DISNEY failed to provide unpaid wages in their last paycheck, as they were under not calculated correctly from the inception.

26. To date, DISNEY has not paid Plaintiffs and Class Members all their wages due and payable to them, in an amount to be proven at trial.

27. Plaintiff worked approximately 40 hours per week, sometimes more, sometimes less.

28. Plaintiff clocked in and out to report his time worked.

29. Plaintiff reported to a supervisor.

30. Plaintiff managed no people.

31. Plaintiff is still employed by Defendants.

## CLASS ACTION ALLEGATIONS

32. This Plaintiffs brings this action on behalf of himself, and all others similarly situated as a Class Action pursuant to § 382 of the Code of Civil Procedure. Plaintiffs seek to represent a class composed of and defined as follows:

> All persons who are employed or have been employed by Defendants in the State of California who, within four (4) years of filing of this **Complaint**, have worked as Maintenance Engineers that were expressly required to provide their own hand tools and equipment necessary for the performance of their essential functions but have not been paid the required hourly rate of double minimum wage, have not been provided a rest period for every four hours or major fraction thereof worked per day nor were the Maintenance Engineers provided compensation of one hour's pay or other compensation for each day on which such rest periods were not provided.

33. Plaintiffs reserve the right under Rule 1855, subdivision (b), of the California Rules of Court, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

34. This action has been brought and may properly be maintained as a Class Action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

//

**A.**     **Numerosity**

35.     The potential members of the Class as defined are so numerous or many that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe, and on that basis allege, that DISNEY currently employs, and during the relevant time periods employed, over 100 Maintenance Engineers and 16 Assistant Maintenance Engineers.

**B.**     **Commonality**

36.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation and subject to possible further amendment:

(a) Whether Defendants' failure to double the minimum wage despite the requirement that Maintenance Engineer employees provide their own hand tools and equipment is illegal under Wage Order No. 4-2001 § 9(B);

(a) Whether Defendants' policy or practice of not paying the correct premium for meal premiums for on-duty breaks is illegal under Labor Code §§ 226.7 and Wage Orders No. 4-5;

(b) Whether Defendants' policy or practice of not paying Plaintiffs overtime compensation, at the correct overtime rate, for the hours they worked over 40 in a workweek or eight hours in a day is illegal under Wage Order No. 4-5, and Labor Code §§ 510, 1194, and 1198;

(c) Whether Defendants violated Labor Code §§ 226 by not providing accurate pay stubs for failure to state the correct hourly rate of double-minimum wage;

(d) Whether Defendants' policy or practice of not paying Maintenance Engineer at least double the minimum wage is a violation of Wage Order No. 4-5, and Labor Code §§ 1194 and 1197;

(e) Whether Defendants' policy or practice of not paying Maintenance Engineer all their wages due in their final paychecks immediately upon involuntary termination or when 72 hours notice was provided before

voluntary resignation, is unlawful under Wage Order No. 4-5, and Labor Code §§ 201, 202 and/or 203;

(f) The nature and extent of class-wide injury and the measure of damages, restitution penalties, or other monetary relief owed.

**C.      Typicality**

37.      Plaintiffs' claims are typical of the claims of the Class. Plaintiffs and all members of the Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct and policies in violation of laws, regulations that have the force and effect of law and statutes as alleged herein. Plaintiffs' claims are thereby representative of and co-extensive with the claims of the class. Plaintiffs' claims are typical of the claims of the members of the Class because they were hourly-paid employees who, like the other members of the Class, sustained damages and losses arising out of the Defendants' unlawful conduct, which includes, but is not limited to, the following: requiring employees to purchase and bring essential tools and equipment necessary for performance without paying double the minimum wage pursuant to the Wage Orders, repeatedly failing to pay – or indeed ever pay –for all earned hours worked double the rate of the double-minimum wage requirement for requiring employees to bring own tools; failure to provide accurate wage statements; failure to pay meal break premiums, and failing to pay Plaintiffs and Class Members all wages due immediately upon termination, and include all wages in said final paychecks.

**D.      Adequacy of Representation**

38.      Plaintiffs are members of the Class, do not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiffs are competent and experienced in litigating large employment class actions, including wage and overtime class actions. Plaintiffs will fairly and adequately represent and protect the interests of the Class Members.

//

//

//

**E.        Superiority of Class Action**

39.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class Member has been damaged or suffered injury and is entitled to recovery by reason of Defendants' illegal policies and/or practices including but not limited to failing to pay – or indeed ever pay -- overtime compensation to its employees; failing to pay double the minimum wage; failing to provide accurate wage statements; and failing to pay Plaintiffs and Class Members all wages due immediately upon involuntary termination, within 72 hours of voluntary resignation, paying said final wages at the place of employment, and including all wages in said final paychecks. Class Action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

40.    Class Action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude maintenance as a Class Action.

41.    Plaintiffs bring this action on behalf of himself and on behalf of others similarly situated current employees and former employees pursuant to Code of Civil Procedure § 382 and as Class Claims. The Class of employees that Plaintiffs seek to represent includes all individuals employed as a "Maintenance Engineer":

        a.    Who did not receive double-minimum wages; and/or

        b.    Who did not receive the correctly calculated rest breaks and/or meal premiums; and/or

        c.    Who did not receive overtime compensation; and/or

        d.    Who did not get accurate wage statements; and/or

//

//

e. Who were not timely paid all wages owed upon involuntary termination, or within 72 hours of voluntary resignation, at the place of employment; and/or

For the reasons alleged in this Complaint, this action should be certified as a Class Action.

## FIRST CAUSE OF ACTION

### (Individual and Representative Claim

### Failure to Pay Required Double Minimum Wages in Violation of

### California Labor Code §§ 1182.12, 1194,

### 1194.2, 1197, and Wage Order No. 4-2001 § 9(B))

### (Against DISNEY and Does 1-250)

42. Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

43. Pursuant to Labor Code §§ 1182.12, 1194, 1194.2, and 1197, it is unlawful for a California employer to suffer or permit an employee to work without paying wages for all hours worked, as required by the applicable Industrial Welfare Commission ("IWC") Wage Order.

44. Wage Order No. 4-2001 § 9(B) requires that "when tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

45. During all times relevant, Class Members including Plaintiffs, have not been paid double the minimum wages for all hours suffered or permitted to work in violation of the minimum wage provisions of California Labor Code §§ §§ 1182.12, 1194, 1194.2, and 1197 and IWC Wage Order Nos. 4 (9B), 5-1998, 5-2000, and 5-2001.

46. Defendants explicitly required Mechanical Engineers to personally pay for tools and equipment for job performance. Defendants have intentionally failed and refused, and

continue to fail and refuse, to pay Class Members, including Plaintiff TORRES, double the minimum wages for all earned work.

47.    Therefore, at all times relevant, Defendants operated under and continue to operate under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay double the minimum compensation at the rates required by the California Law.

48.    Labor Code § 1194.2, subdivision (a) provides that, in an action to recover wages because of the payment of a wage less than the double the minimum wage fixed by IWC Wage Orders, an employee is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

49.    Class Members, including Plaintiffs, should have received double the minimum wages in a sum according to proof during all times relevant to this action.

50.    Defendant DISNEY has knowingly and intentionally failed to comply with these provisions on each and every wage statement that should have been provided to Plaintiff and members of the proposed Class.

51.    Plaintiff TORRES on behalf of himself and the Class request the recovery of the unpaid break premiums, waiting time penalties, liquidated damages. interest, attorneys' fees, and costs in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

**(Individual and Representative Claim for**

**Failure to Provide Rest Periods Or Compensation In-Lieu in Violation of California**

**Labor Code §§ 226.7; IWC Wage Order No. 4 and 5; Cal. Code Regs., Title 8 § 11050)**

**(Against DISNEY and Does 1-250)**

52.    Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

53.    By their failure to provide rest periods for every four hours or major fraction thereof worked per day to non-exempt employees and failing to provide compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor

Code section 226.7 and IWC Wage Order Nos. 5-1998, 5-2000, and 5-2001. Plaintiff and the Class Members he seeks to represent did not willfully waive through mutual consent with Defendants rest or meal periods.

54.     As a result of the unlawful acts of DISNEY, Plaintiff and the Class he seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226, 226.7, and IWC Wage Orders.

55.     Sections 226 subdivision (a), and 1174 of the California Labor Code and IWC Wage Order No. 5 require Defendants to itemize in wage statements and to accurately report total hours worked by Plaintiff and the members of the proposed Class.

56.     At all time relevant herein, IWC Wage Order No. 4 § 9 requires that "When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

57.     Class Members, including Plaintiff TORRES, should have received double the double the minimum wages in a sum according to proof during all times relevant to this action.

58.     DISNEY has knowingly and intentionally violated provisions by persistently paying Mechanical Engineers below double the minimum wage, and denying appropriate rates for on-duty break premiums on every wage statement owed to the Plaintiff and members of the proposed Class.

59.     Plaintiff TORRES on behalf of himself and the Class request the recovery of the unpaid break premiums, waiting time penalties, liquidated damages. interest, attorneys' fees, and costs in an amount to be determined at trial.

//

//

//

//

## THIRD CAUSE OF ACTION

**(Individual and Representative Claim Failure to Pay Required Overtime**

**Wages in Violation of California Labor Code § 510, 1194 & 1198)**

**(Against DISNEY and Does 1-250)**

60.    Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

61.    California Labor Code § 510 provides that employees in California shall not be employed more than eight hours in any workday or 40 hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

62.    California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law. Additionally, California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful. The governing Wage Order of the Industrial Welfare Commission requires, among other things, payment of a premium wage rate for all hours worked in excess of 8 hours per day or 40 hours per week.

63.    Still, DISNEY fails to compensate Plaintiff for all overtime hours worked in excess of eight hours per day and/or 40 hours per week as required by the Labor Code §§ 510 and 1194. Specifically, Plaintiffs were either not paid for hours worked in excess of 8 hours in a day, or Plaintiff and Class members were not paid the overtime rate for applicable overtime hours worked.

64.    At all times relevant, DISNEY has also operated under and continues to operate under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay overtime compensation at the rates required by Labor Code § 510.

65.    Plaintiff and the Class Members are informed and believe and based thereon allege that during all times relevant to the Class Period, DISNEY failed to comply with Labor Code § 510 and 1198 by virtue of DISNEY's unlawful failure to pay additional, premium rate of compensation to Plaintiff for his overtime hours worked, Plaintiff and Class members suffered and will continue to suffer.

66.     As a result of the unlawful acts of DISNEY, Plaintiff TORRES on behalf of himself and the Class request the recovery of the unpaid break premiums, waiting time penalties, liquidated damages. interest, attorneys' fees, and costs in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

**(Individual and Representative Claim for**

**Penalties for Violations of California Labor Code § 226 for**

**Failure to Provide Accurate Wage Statements)**

**(Against DISNEY and Does 1-250)**

67.     Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

68.     Plaintiffs allege that Labor Code § 226 subdivision (a) requires, in pertinent part, that "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of § 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. . ." (Labor Code § 226 subdivision (a).)

69.    Upon information and belief, during all times relevant to this action, Maintenance Engineers, including Plaintiff, never received any wage statement with all required information set forth under Labor Code § 226 from Defendants, and Plaintiffs suffered damages from the lack of on-duty premiums and overtime compensation.

70.    Plaintiffs allege that, on numerous occasions, an exact amount by which will be proven at trial, Defendants violated various provisions of § 226, including but not limited to subdivisions (a)(1), (a)(2), (a)(4), (a)(5), (a)(6), (a)(7), (a)(8), and (a)(9) by failing to provide Plaintiffs accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

71.    For DISNEY's misconduct as alleged in this Complaint, Plaintiffs seek damages, penalties, costs and attorneys' fees pursuant to Labor Code § 226 subdivision (e) in an amount to be proven at trial.

72.    As a result of the unlawful acts of DISNEY, Plaintiff TORRES on behalf of himself and the Class request Plaintiffs seek injunctive relief and attorneys' fees and costs pursuant to § 226 subdivision (g) in an amount to be proven at trial.

//
//
//
//
//
//
//
//
//
//

### FIFTH CAUSE OF ACTION

**(Individual and Representative Claim for**

**Failure to Pay Timely Earned Wages During Employment and**

**Upon Separation of Employment in Violation of**

**California Labor Code §§ 201, 202, 203, 204, 218.5, and 218.6)**

**(Against DISNEY and Does 1-250)**

73. Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

74. Pursuant to Labor Code § 201, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

75. Pursuant to Labor Code § 202, "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

76. Labor Code § 203 provides, in pertinent part: "If an employer willfully fails to pay, without abatement or reduction, ... any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days. ..."

77. Pursuant to Labor Code § 204, "all wages ... earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

78. Pursuant to Labor Code §§ 218.5 and 218.6, an action may be brought for the nonpayment of wages and fringe benefits.

79. Plaintiffs and Class Members were not properly paid pursuant to the requirements of Labor Code §§ 201, 202, and 204 and thereby seek the unpaid wages. To date, for example, DISNEY has not paid Plaintiffs all earned wages.

80. Plaintiffs and Class Members are informed and believe and based thereon allege that Defendants willfully failed to pay Plaintiffs' wages pursuant to the requirements of Labor Code §§ 201, 202, and 204, after Plaintiffs' demand, and therefore Plaintiffs are entitled the associated unpaid wages and waiting time penalties. Plaintiffs are informed and believe and based thereon allege that Defendants did this with the intent to secure for himself a discount on their indebtedness and/or with intent to annoy harass, oppress, hinder, delay and/or defraud Plaintiffs.

81. Plaintiff and Class Members have been deprived of their rightfully earned wages as a direct and proximate result of DISNEY's failure and refusal to pay legally sufficient compensation and for the reasons alleged in this Complaint.

82. As a result of the unlawful acts of DISNEY, Plaintiff TORRES and the Class Members request the unpaid wages, waiting time penalties, interest, attorneys' fees, costs, damages, and other remedies in an amount to be proven at trial.

### SIXTH CAUSE OF ACTION

**(Individual and Representative Claim Under the California**

**Unfair Business Practices Act, California**

**Business and Professions Code §§ 17200, *et seq.*)**

**(Against DISNEY and Does 1-250)**

83. Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

84. Defendants, and each of them, are "persons" as defined under Business and Professions Code § 17021.

85. Plaintiffs are informed and believe and based thereon allege that Defendants committed the unfair business practices, as defined by Cal. Bus. & Prof. Code § 17200, *et seq.*, by violating the laws alleged to have been violated in this Complaint and which allegations are incorporated herein by reference and include, but are not limited to:

//

//

CLASS ACTION COMPLAINT FOR DAMAGES

16

a. DISNEY's policy or practice of not paying Plaintiffs double the minimum wages and overtime compensation violated Labor Code §§ 2699 et. seq. and Wage Order No. 4-2001 § 9(B);

b. DISNEY violated Labor Code §§226.7 and Wage Order No. 4-5 for not paying Plaintiffs meal premiums for on-duty breaks accurately;

c. DISNEY violated Labor Code §§ 510, 1194, and 1198 by not providing accurate wage statements reflecting all overtime earned and on-duty break premiums;

d. DISNEY violated Labor Code §§ 226 by not paying Plaintiffs overtime wages owed;

e. DISNEY violated Labor Code §§ Labor Code §§ 201, 202 and/or 203 by not timely paying hourly employees all of their wages due in their final paychecks immediately upon termination.

86.    The practices described above were unfair within the meaning of Cal. Bus. & Prof. Code § 17200, *et seq.*, because the acts were intentionally performed to harm Plaintiffs.

87.    Plaintiffs are informed and believe, and based thereon allege, that the unlawful, unfair and fraudulent business practices described above present a continuing threat to members of the public because it is believed that DISNEY continue to operate in the illegal manner as alleged above.

88.    Further, such skirting of the California labor laws presents a threat to the general public in that the enforcement of the labor laws is essential to ensure that all California employers compete equally, and that no California employer receives an unfair competitive advantage at the expense of its employees.

89.    As a result of the above-alleged misconduct, Plaintiffs, on behalf of himself and similarly aggrieved employees, have been deprived of lawful wages to which he/she or they were entitled and Plaintiffs and these similarly aggrieved employees have suffered damages, in an amount to be determined according to proof at trial.

90.    The unfair, fraudulent, and unlawful business practices of DISNEY are likely to continue because DISNEY appear to have a pattern and practice of committing the same type of misconduct as alleged herein; therefore, the imposition of a preliminary injunction is justified.

91.    As a direct and proximate result of the above-alleged misconduct, Plaintiffs are entitled to and hereby seeks injunctive relief and restitution for, among other things, back pay, and other lost benefits in an amount to be proven at trial for the last four years from the date this Complaint was filed.

92.    As a direct and proximate result of the aforesaid acts and conduct of DISNEY, Plaintiffs are entitled to and hereby seeks attorneys' fees as permitted by law and as provided for by §1021.5 of the California Code of Civil Procedure.

## SEVENTH CAUSE OF ACTION

**(Individual and Representative Claim Under the Private Attorney General Act, California Labor Code §§ *2698, et seq.*)**

**(Against DISNEY and Does 1-250)**

93.    Plaintiffs incorporate all paragraphs above as though fully set forth herein.

94.    California Labor Code §§ 2698, et seq. ("PAGA") permits Plaintiffs to recover civil penalties for the violation(s) of the Labor Code.

95.    At all times herein set forth, PAGA was applicable to Plaintiffs' employment by Defendants.

96.    At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures in California Labor Code section 2699.3.

97.    Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

98.    Plaintiffs were jointly employed by Defendants and the alleged violations were committed against them during their time of employment and they are, therefore, an Aggrieved Employee.  Plaintiffs and other employees are Aggrieved Employees as defined by California

CLASS ACTION COMPLAINT FOR DAMAGES

18

Labor Code section 2699(c) in that they are all current or former employees of Defendants who are or were employed as non-exempt employees, and one or more of the alleged violations were committed against them.

99.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiffs, may pursue a civil action arising under PAGA after the following requirements have been met:  The aggrieved employees shall give written notice by certified mail (hereinafter "Employee's Notice") to the LWDA and the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within thirty (30) calendar days of the postmark date of the Employee's Notice.  Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within thirty-three (33) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

100.    On or about January 12, 2024, Plaintiff provided written notice to the LWDA via its online claim submission portal and notified Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

101.    Plaintiffs will have satisfied the administrative prerequisites under California Labor Code section 2699.3(a) to recover civil penalties against Defendants, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 510, 1194, 1197, 1198 and 1770-1773 et seq.

102.    Pursuant to California Labor Code §§ 2699(a), 2699.3 and 2699.5, Plaintiffs and all other Aggrieved Employees are entitled to recover civil penalties against Defendants, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 510, 1194, 1197, 1198 and 1770-1773 et seq.

//

103. As a result of the unlawful acts of Defendants, Plaintiff TORRES and the Class Members are entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code § 2699 and any other applicable statute.

## PRAYER

1. For damages according to proof, including loss of earnings, deferred compensation, and other employment benefits, and interest thereon;

2. For interest provided by law including, but not limited to, Civil Code § 3291;

3. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

4. For statutory penalties pursuant to California Labor Code §226(e);

5. For statutory wage penalties pursuant to California Labor Code §§ 1770-1773;

6. For restitution of unpaid wages to Plaintiff and prejudgment interest from the day such amounts were due and payable;

7. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

8. For injunctive relief pursuant to California Business & Professions Code § 17200, *et seq.*;

10. For costs incurred by Plaintiff, including reasonable attorneys' fees and costs of suit, in obtaining the benefits due to Plaintiffs and for violations of Plaintiffs' civil rights as set forth above; and pursuant to the Labor Code §§ 218.5, 218.6, 226(e), 1194(a), 2699; and California Code of Civil Procedure section 1021.5; and

11. For such other and further relief as the court deems just and proper.

//

//

//

//

//

CLASS ACTION COMPLAINT FOR DAMAGES
20

Dated: March 7, 2024                WEST COAST TRIAL LAWYERS, APLC


By: _____
       Ronald L. Zambrano
       Ashley J. Garay
       Attorneys for Plaintiffs,
       CHARLIE TORRES and
       Other Aggrieved Employees


## DEMAND FOR JURY TRIAL


Plaintiffs hereby respectfully demand a jury trial.


Dated: March 7, 2024                WEST COAST TRIAL LAWYERS, APLC


By: _____
       Ronald L. Zambrano
       Ashley J. Garay
       Attorneys for Plaintiffs
       CHARLIE TORRES and
       Other Aggrieved Employees



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 28731527**
**Date Processed: 03/14/2024**

| | |
|---|---|
| **Primary Contact:** | Tami Fortier-Gomez<br>The Walt Disney Company<br>500 S Buena Vista St<br>Burbank, CA 91521-0105 |
| **Electronic copy provided to:** | Jana Bassett<br>Julia Valino |

| | |
|---|---|
| **Entity:** | Walt Disney Parks and Resorts U.S., Inc.<br>Entity ID Number  3505380 |
| **Entity Served:** | Walt Disney Parks And Resorts US, Inc. |
| **Title of Action:** | Charlie Torres Individually, and On Behalf of Others Similarly Situated Pursuant to The California Private Attorneys General Act vs. Walt Disney Parks And Resorts US, Inc., A Florida Corporation |
| **Matter Name/ID:** | Charlie Torres Individually, and On Behalf of Others Similarly Situated Pursuant to The California Private Attomeys General Act vs. Walt Disney Parks and Resorts US, Inc., A Florida Corporation (15426280) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Orange County Superior Court, CA |
| **Case/Reference No:** | 30-2024-01384390-CU-OE-CXC |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 03/14/2024 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | West Coast Trial Lawyers, APLC<br>213-927-3700 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 28731249**
**Date Processed: 03/14/2024**

| | |
|---|---|
| **Primary Contact:** | Tami Fortier-Gomez<br>The Walt Disney Company<br>500 S Buena Vista St<br>Burbank, CA 91521-0105 |
| **Electronic copy provided to:** | Julia Valino<br>Jana Bassett |

| | |
|---|---|
| **Entity:** | Disney Worldwide Services, Inc.<br>Entity ID Number  2423444 |
| **Entity Served:** | Disney Worldwide Services Inc. |
| **Title of Action:** | Charlie Torres Individually, and On Behalf of Others Similarly Situated Pursuant to The California Private Attomeys General Act vs. Walt Disney Parks and Resorts US, Inc., A Florida Corporation |
| **Matter Name/ID:** | Charlie Torres Individually, and On Behalf of Others Similarly Situated Pursuant to The California Private Attomeys General Act vs. Walt Disney Parks and Resorts US, Inc., A Florida Corporation (15426280) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Orange County Superior Court, CA |
| **Case/Reference No:** | 30-2024-01384390-CU-OE-CXC |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 03/14/2024 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | West Coast Trial Lawyers, APLC<br>213-927-3700 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com