## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:25-cv-00148-DOC-ADS                    Date: May 7, 2025

Title: Charlie Torres et al v. Walt Disney Parks and Resorts US, Inc. et al

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|:---:|:---:|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|:---:|:---:|
| None Present | None Present |

---

PROCEEDINGS (IN CHAMBERS):    **ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [14] AND REMANDING SUA SPONTE TO SUPERIOR COURT OF CALIFORNIA COUNTY OF ORANGE**

Before the Court is Defendants Walt Disney Parks and Resorts U.S., Inc. and Disney Worldwide Services, Inc. (collectively "Defendants") Motions for Judgment on the Pleadings ("Motion" or "Mot.") (Dkt. 14), (Dkt. 16-8:25-cv-00150-DOC-ADS) in two cases that were consolidated. The Court finds the matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court **DENIES** Defendants' motion and **REMANDS** sua sponte this case for lack of subject matter jurisdiction to the Superior Court of the State of California for the County of Orange.

## I.    Background

The Court consolidated two cases that are both addressed in this Order. The case *Isidro Cisneros Rea v. Walt Disney Parks and Resorts US, Inc. et al* ("Rea Case") (Case

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00148-DOC-ADS                                        Date: May 7, 2025
                                                                                        Page 2

No. 8:25-cv-00150-DOC-ADS) was consolidated with the present case. In the Rea Case, the Defendants also filed a Motion for Judgment on the Pleadings that is being addressed by this Order.

### A. Factual Background

#### Rea Case

The facts are taken from Plaintiff Rea's First Amended Complaint ("Rea FAC") (Dkt. 1, Exhibit C). On or around May 18, 2019, Plaintiff Isidro Cisneros Rea ("Plaintiff Rea") became employed with Defendants as an assistant engineer. FAC ¶ 9. Upon Plaintiff Rea's employment, Defendants provided Plaintiff with a list of tools and equipment he was required to purchase for his position. FAC ¶ 10. Plaintiff Rea alleges that Defendants required Plaintiff to personally pay for the tools and equipment for job performance. *Id.* Plaintiff Rea purchased the tools required by Defendants. FAC ¶ 11. On or around February 2023, Plaintiff Rea was informed that Defendants' housekeeping employees were receiving higher wages than assistant engineers. FAC ¶ 12. Subsequently, Plaintiff and his coworkers complained to their Union representative about their low wages and Defendants' requirement for employees to bring or purchase their own work tools and equipment for job performance. FAC ¶ 13.

Following this, on or around August 2023, Plaintiff Rea and Plaintiff Charlie Torres ("Plaintiff Torres") attended a meeting with managers and the head of Human Resources for Defendants to negotiate on behalf of the Defendants' employees. FAC ¶ 14. During this meeting, Plaintiff Rea was informed that employees would be receiving five hundred dollars tax free to cover what they had spent on tools and equipment. *Id.* Plaintiff Rea stated during this meeting that this amount was not enough to cover the expenses incurred by employees, to which Defendants responded that receipts of all purchased tools must be provided if employees wanted proper reimbursements. *Id.*

Following these negotiations, Plaintiff Rea along with other assistant engineers, on or around September 2023, received a salary raise and a backpack filled with tools and equipment. FAC ¶ 15. Plaintiff Rea and other employees were asked to sign a document stating that the tools provided were company property. FAC ¶ 16. Throughout Plaintiff Rea's employment with Defendants, Plaintiff applied for higher positions but was told that he needed to "go back to school," meanwhile he alleges that less experienced employees were promoted to higher positions. FAC ¶ 17. Specifically, Plaintiff Rea alleges that employees from the housekeeping department have been promoted to higher positions in Plaintiff's department. *Id.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00148-DOC-ADS                                      Date: May 7, 2025
                                                                    Page 3

**Torres Case**

The facts are taken from Plaintiff Torres' Third Amended Class Action Complaint ("TAC")(Dkt. 1, Exhibit G). The TAC represents an underpayment of wages class action on behalf of Plaintiff Torres and all individuals working or having worked as "Maintenance Engineers" ("Class Members") for Defendants. TAC ¶ 1. These Class Members consist of approximately 100 current and former Maintenance Engineer employees and sixteen Assistant Maintenance Engineer employees ("Maintenance Engineer(s)"). TAC ¶ 2. Plaintiff Torres alleges that this class of employees was required by Defendants to supply their own hand tools. *Id.* Additionally, Plaintiff Torres alleges that Defendants failed to reimburse Plaintiff Torres and other Class Members/Aggrieved Employees for requiring they bring their own tools. TAC ¶ 3.

**B. Procedural Background**

On April 7, 2025, this Court Ordered this case to be consolidated with *Isidro Cisneros Rea v. Walt Disney Parks and Resorts US, Inc. et al* (8:25-cv-00150-DOC-ADS)(Dkt. 19). Defendants filed their Notice of Removal from Superior Court of California, Orange County (Dkt. 1) in the Torres Case on January 27, 2025. Defendants filed their Motion for Judgment on the Pleadings as to Dismissing Plaintiff's Third Amended Complaint in the Torres Case on March 25, 2025. Defendants filed their Notice of Removal from Superior Court, County of Orange (Dkt. 1) in the Rea Case on January 27, 2025. Plaintiffs filed their Opposition regarding the Torres Case ("Torres Opp'n.") (Dkt. 20) and their Opposition regarding the Rea Case ("Rea Opp'n.") on April 14, 2025. Defendants then filed their Reply regarding the Torres Case ("Torres Reply") (Dkt. 24) and regarding the Rea Case ("Rea Reply") (Dkt. 25) on April 21, 2025.

**II. Legal Standard**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Like a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a motion under Rule 12(c) challenges the legal sufficiency of the claims asserted in the complaint. *See id.* Indeed, a Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion, and courts apply the "same standard." *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (explaining that the "principal difference" between Rule 12(b)(6) and Rule 12(c) "is the timing of filing"); *see also U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00148-DOC-ADS                                    Date: May 7, 2025
                                                                 Page 4

1054 n.4 (9th Cir. 2011). Therefore, all allegations of fact by the party opposing the motion are accepted as true, and the complaint is construed in the light most favorable to the non-moving party. *McGlinchey v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

## II.     Discussion

### A.  Relevant Background Information

#### Rea Case

Plaintiff Rea alleges three causes of action: violation of California Labor Code § 2802 for Failure to Reimburse Business Expenses; violation of California Business & Professions Code § 17200; and Retaliation in Violation of Labor Code § 98.6 and § 1102.5. *See generally* FAC.

Defendants argue that the parties entered into a Collective Bargaining Agreement ("CBA") that covers the reimbursement of hand tools of maintenance engineers, and that this CBA requires exhaustion of the CBA's grievance and arbitration procedures. Rea Motion at 11-12. Additionally, Defendants argue that Plaintiff Rea's claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"), and that Plaintiff Rea fails to state a claim for which relief can be granted. *See generally id.*; 29 U.S.C. § 185, *et seq.*

#### Torres Case

Plaintiff Torres, on behalf of the class alleges three causes of action: individual and class claims for Failure to Reimburse Business Expenses under California Labor Code § 2802; individual and class claims under the California Unfair Business Practices Act; and an individual claim in Retaliation in Violation of Labor Code § 98.6 and § 1102.5. *See generally* TAC. Defendants argue that Plaintiff Torres' claims are preempted by Section 301 of the LMRA, and that Plaintiff Torres fails to state a claim for which relief can be granted. Torres Motion at 2.

### B.  Judicial Notice of the CBA

Defendants request the Court to take judicial notice of the above referenced CBA agreement. Request for Judicial Notice (8:25-cv-00150-DOC-ADS-Dkt. 17). Plaintiffs argue that because they never reference or rely on the CBA, the Court should not consider it. Rea's Opp'n. at 3. Defendants argue that during both Plaintiffs' employment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00148-DOC-ADS                                         Date: May 7, 2025
                                                                        Page 5

with Defendants, they have been represented by a Union, the International Union of Operating Engineers, Local 501 (the "Union"). Rea's Motion at 11; Torres Motion at 9. Defendants contend that the Union and Defendants entered into the CBA and have been parties to it at all times during both Plaintiffs' employment. Rea's Motion at 11; Torres Motion at 9. Accordingly, Defendants argue that the terms of the CBA cover the disputes at hand. *See generally id.*

      Pursuant to Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." On a motion for judgment on the pleadings, the Court may also "consider materials incorporated into the complaint" when "the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). This is true even if "the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Additionally, the Court "must take judicial notice if a party requests it and the Court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). However, the Court "cannot take judicial notice of the contents of documents for the truth of the matters asserted therein when the facts are disputed." *Cal. Sportfishing Prot. All. v. Shiloh Grp., LLC*, 268 F.Supp.3d 1029, 1038 (N.D. Cal. 2017).

      Defendants have attached a copy of the CBA to their Motions. Plaintiffs argue that the CBA does not meet the standards of Federal Rule of Evidence 201(b) because their Complaint did not rely on the CBA or any of its terms. Rea's Opp'n. at 2. The Court disagrees and holds that judicial notice of the CBA is proper here. This is because the primary issue for the Court to decide in these Motions is whether Section 301 of the LMRA preempts the state law claims, which involves analyzing whether the disputes at hand involve interpretation of the CBA. *See* Rea Motion at 9. Courts have routinely taken judicial notice of collective bargaining agreements when ruling on a motion to dismiss. *See Hendrix v. Ktla,* 2021 U.S. Dist. LEXIS 198591, at *3 (C.D. Cal. January 3, 2021); *Sarmiento v. Sealy, Inc.,* 367 F.Supp.3d 1131, 1142 (N.D. Cal. 2019). In particular, "[c]ourts routinely take judicial notice of the governing collective bargaining agreement where necessary to resolve issues of preemption." *Johnson v. Sky Chefs, Inc.*, No. 11-CV-05619-LHK, 2012 WL 4483225, at *1 n.1 (N.D. Cal. Sept. 27, 2012).

      If the Court were not to incorporate the CBA, it would stifle the Court's ability to meaningfully decide preemption and would allow Plaintiffs to omit the CBA to avoid preemption. *See Swartz v. KPMG LLP,* 476 F.3d 756, 763 (9th Cir. 2007)(holding that a purpose of the doctrine of incorporation by reference is to prevent plaintiffs from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00148-DOC-ADS                                    Date: May 7, 2025
                                                                                    Page 6

surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based).

In opposition, Plaintiffs argue that the authenticity of the CBA is in question, but they do not actually dispute whether Defendants have provided an authentic copy of the CBA. A party cannot "reasonably ... question[ ]" the accuracy of a source, Fed. R. Evid. 201(b)(2), simply by stating that someone *could* do so, particularly when the party is aware of and presumably has access to the document. *See Martinez v. Welk Grp., Inc.*, No. 09 CV 2883 MMA WMC, 2011 WL 90313, at *3 (S.D. Cal. Jan. 11, 2011) (rejecting "attempt to dispute the authenticity of [a document as] unsupported"); *Keithly v. Intelius Inc.*, 764 F.Supp.2d 1257, 1261 (W.D. Wash. 2011) (reasoning that plaintiff had not "presented any evidence to contradict defendants' representations [as to webpages' authenticity] and d[id] not affirmatively identify any discrepancies between the webpages they saw and those presented by defendants with their motion").

In conclusion, the Court takes judicial notice and therefore considers the CBA in evaluating Defendants' Motions.

## C. Preemption of State Law Claims

Defendants argue that all three of Plaintiffs' claims are preempted by Section 301 of the LMRA. The Court addresses each claim in turn below.

### Reimbursement Claim

Plaintiff Rea's first cause of action alleges that Defendants violated California Labor Code § 2802 for failure to reimburse business expenses. FAC ¶ 20. Plaintiff Torres' first cause of action, on behalf of himself and the class, alleges that Defendants also violated Labor Code § 2802 for failure to reimburse business expense. TAC ¶ 31. California Labor Code § 2802 requires that employers reimburse an employee for necessary business-related expenses incurred by an employee. Cal. Lab. Code § 2802. These claims are based on the factual allegation that Defendants explicitly required assistant engineers to personally pay for tools and equipment for job performance and allegedly refused to reimburse for these tools. *See* FAC ¶ 20; TAC ¶ 31.

The Labor Management Relations Act (LMRA) was enacted in 1947 to "promote the full flow of commerce" by "provid[ing] orderly and peaceful procedures for preventing [] inference by [employees or employers] with the legitimate rights of the other." 29 U.S.C. § 141(b). To that end, LMRA § 301(a) provides that "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court." 29 U.S.C. § 185(a). On its face, § 301 reads as a jurisdictional statute, and it "contains no express language of preemption, [but] the Supreme Court has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00148-DOC-ADS                                    Date: May 7, 2025
                                                                              Page 7

long interpreted the [provision] as authorizing federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts." *Curtis v. Irwin Indus., Inc.,* 913 F.3d 1146, 1151 (9th Cir. 2019).

To evaluate whether § 301 of the LMRA preempts state law claims, first the Court is to consider whether the right exists solely as a result of the CBA. *Davis v. ABM Indus.,* 2022 U.S. App. LEXIS 34635 at *3, 2022 WL 17716328 (9th Cir. December 15, 2022) (citing *Burnside v. Kiewit Pac. Corp.,* 491 F.3d 1053, 1059 (9th Cir. 2007)). If it does, then the claim is preempted and the analysis ends. *Id.* But if the right asserted by Plaintiffs exists independently of the CBA, the Court moves to the second step and determines "whether it is nevertheless substantially dependent on the analysis of a collective-bargaining agreement." *Id.* If there is substantial dependence, then the state law claim is preempted by § 301. If there is no such dependence, then the claim proceeds under state law. *Id.* (citing *Kobold v. Good Samaritan Reg'l med. Ctr.,* 832 F.3d 1024, 1033 (9th Cir. 2016) (footnote omitted)).

In the context of § 301 preemption, "'interpret' is defined narrowly – it means something more than 'consider,' 'refer to,' or 'apply.'" *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000). The narrow construction of "interpret" with regard to one or more terms of a CBA is due in part to the presumption *against* federal preemption. *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 21 (1987).

Here, Defendants argue that California Labor Law § 2802 does not define what is considered "necessary" for purposes of reimbursement nor does it define what constitutes tools within the meaning of expenditures. Torres Motion at 17. Defendants thus allege that to analyze this claim, the CBA's terms must be interpreted and applied to understand, if necessary, tools were purchased by Plaintiffs. *Id.* Because of this, Defendants urge the Court to find that the first claim is governed by the CBA and thus preempted by Section 301 of the LMRA. *Id.*

The Court disagrees with Defendants. The California Labor Code § 2802 creates a statutory right for all employees to be reimbursed for "necessary expenditures or losses" incurred in the course of their job duties, regardless of union status or CBA coverage. This right does not arise from the CBA thus we proceed to step two. As to the second step—the claim is not substantially dependent on the interpretation of the CBA—rather it is based on the factual allegation that Plaintiff was explicitly required to purchase tools out-of-pocket and that no reimbursement was given. *See Kobold,* 832 F.3d at 1032-53.

As stated above, courts distinguish interpretation from mere consultation or reference to the CBA. *Id.* Thus, just because the Court may need to look at the CBA to understand job duties, that is not enough for preemption. *Id.* The California Labor Law deliberately leaves "necessary" open-ended, to be applied factually, not contractually. *See Burnside v. Kiewit Pacific Corp.,* 491 F.3d 1053, 1069 (9th Cir. 2007)(holding that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00148-DOC-ADS                                    Date: May 7, 2025
                                                                                          Page 8

precedent crystalizes the Supreme Court's view that a unionized employee cannot be deprived of the full protections afforded by state law simply by the virtue of the fact that their union has entered into a CBA. Even if the CBA addresses tools or reimbursement, that does not mean state law must yield when the Court need not resolve a dispute about interpreting the CBA's language. If the Court allows preemption in this scenario, it is inviting employers to negotiate around protective labor laws within the state's regulatory authority. The Supreme Court has repeatedly repudiated the idea that the mere ability of unionized workers to bargain collectively somehow makes it permissible to give unionized employees fewer minimum labor-standards protections under state law than other employees. *See Burnside,* 491 F.3d at 1068 (citing *Fort Halifax Packing,* 482 U.S. at 21 (explaining that "pre-emption should not be lightly inferred . . . , since the establishment of labor standards falls within the traditional police power of the state").

        More specifically as to why this is not interpretation but only reference to the CBA, here there is a letter within the CBA that concerns a one-time payment for tools to certain eligible employees titled "One-Time Tools Reimbursement." Motion, Exhibit 2-Request for Judicial Notice at 56. This letter states, "This Side Letter of Agreement is non-precedent setting and shall not be used as an interpretation of the Agreement." *Id.* This letter's plain language demonstrates that it was not intended to inform the terms of the CBA, but rather stands as a separate one-time side agreement. *See id.* And although this letter may reference a reimbursement for tools, there are still possible scenarios where the Defendants required tools to be purchased by employees that were not reimbursed through this one-time Side Letter. These instances are thus eligible for payment under California statute. Thus, the Side Letter may provide evidence of reimbursement, but it does not eliminate Rea's independent statutory right under Labor Code § 2802 to be compensated for all necessary tools acquired. In short, it is a mere reference and not an interpretation.

        This holding is supported by the fact that California courts have consistently interpret what qualifies as necessary tools for reimbursement under the Labor Code without any reference to CBAs. *See Gattuso v. Harte-Hanks Shoppers, Inc.,* 42 Cal. 4th 554, 568 (2007)(holding that determining whether expenses were "necessary" depends on the reasonableness of the employee's choices); *Townley v. BJ's Restaurants, Inc.,* 37 Cal. App. 5th 179, (holding that a employer was not require to reimburse its employees for the cost of the slip-restaurant shoes when it required them to purchase them because the cost did not qualify as a "necessary expenditure" within the meaning of Lab. Code § 2802).

        Accordingly, the Court holds that Plaintiffs' first causes of action under California Labor Code § 2802 are not preempted under Section 301 of the LMRA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00148-DOC-ADS                                    Date: May 7, 2025
                                                                 Page 9

## UCL Claim

Plaintiffs second causes of action allege violations of California Business &
Professions Code § 17200. TAC ¶ 36; FAC ¶ 28. This law substantively prohibits
business acts or practices that are "unlawful," and can be predicated on the violation of
any state or federal law. *See* Cal. Bus. and Prof. Code § 17200. As the California
Supreme Court has explained, "section 17200 'borrows' violations of other laws and
treats them as unlawful practices independently actionable" under § 17200. *Saunders v.
Superior Court,* 27 Cal.App.4th 832, 839, 33 Cal.Rptr.2d 438 (1994) (quoting *Farmers
Ins. Exchange v. Superior Court,* 2 Cal.4th 377, 383, 6 Cal.Rptr.2d 487, 826 P.2d 730
(1992)). Thus, as one leading treatise author has noted, "if a 'business practice' violates
any law—literally—it also violates § 17200 and may be redressed under that section."
William L. Stern, *Business and Professions Code § 17200 Practice,* 3:56 (Rutter Group
2014 ed.) (quoting Cal. Bus. and Prof. Code § 17200).

Both Plaintiffs' second causes of actions under § 17200 are predicated on their
first causes of action—failure to reimburse claims.[1] *See* TAC ¶ 36; FAC ¶ 28. The Court,
as analyzed above, held that the alleged California Labor Law § 2802 failure to reimburse
cause of action was not preempted by Section 301 of LMRA. Thus, as Section 17200
claims "stand or fall depending on the fate of the antecedent substantive causes of
action," the Court holds that this second claim cannot also be preempted by federal law.
*Krantz v. BT Visual Images, L.L.C.,* 89 Cal. App. 4th 164, 178 (2001).

## Retaliation Claim

Plaintiffs third causes of action are for Retaliation in violation of Labor Code §
98.6 and § 1102.5. FAC ¶ ¶ 42, 43; TAC ¶ ¶ 47, 48. California Labor Code § 98.6
prohibits employers from taking adverse employment actions against employees who
made oral or write complaints to their employer regarding unpaid wages. Cal. Lab. Code
§ 98.6. California Labor Code § 1102.5 (b) prohibits employers from retaliating against
an employee for "disclosing information, or because the employer believes that the
employee disclosed or may disclose information, to a government or law enforcement
agency, to a person with authority over the employee or another employee who has the
authority to investigate, discover or correct the violation or noncompliance." Cal. Lab.
Code § 1102.5(b). Plaintiff Rea alleges that Defendants retaliated against him by denying

---

[1] The Court assumes that Plaintiff failed to amend their second cause of action in their FAC in the Rea Case as it
continues to premise his § 17200 cause of action on various Labor Code violations that have been removed from the
FAC. *See* Rea Motion at 17 n. 4. Thus, the Court holds that the § 17200 claim in the Rea Case no longer has any
statutory "predicate" for any Labor Code violations except for the failure to reimburse claim in the first cause of
action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00148-DOC-ADS                                        Date: May 7, 2025
                                                                                        Page 10

him a promotion that he believed he earned in response to him bringing wage claims.
FAC ¶ 44. Plaintiff Torres alleges that Defendants retaliated against him by denying a
promotion he believes he had earned, in response to his exercise of the legal right to
pursue wage claims. TAC ¶ 49.

Defendants argue that this claim is preempted by Section 301 of the LMRA
because their asserted legitimate, non-retaliatory reason for denying the promotion is
based on provisions of the CBA—specifically, a provision concerning seniority—thereby
requiring interpretation of the CBA to resolve the claim. Torres Motion at 11; Rea
Motion at 11. The Court holds Defendants' reliance on *Audette v. Int'l longshoremen's
and Warehousemen's Union, Local 24,* 195 F.3d 1107, 1113 (9th Cir. 1999)
unpersuasive. In *Audette,* the plaintiff's claims were intertwined with the enforcement of
a settlement agreement that incorporated and required interpretation of specific CBA
provisions. *See generally id.* There, the Ninth Circuit held that in order to evaluate
whether the employer had legitimate business reasons for its actions, the court would
need to interpret those provisions. *Id.* at 1112-13.

This case is more analogous to *Detabali v. St. Luke's Hospital,* 482 F.3d 1199,
1203 (9th Cir. 2007), where the court found no preemption under the LMRA. In
*Detabali,* although the employer asserted a CBA-based defense (that it had the
contractual right to terminate), the Ninth Circuit held that adjudicating the plaintiff's state
discrimination claim did not require interpretation of the CBA, because there was no
dispute over its terms. *Id.* at 1203.

Likewise, here, Plaintiffs' retaliation claims arise under independent state law and
do not require interpretation of the CBA. While Defendants may cite the CBA's seniority
provisions as a legitimate justification, the core issue is whether Defendants acted with
retaliatory intent—a factual question that does not turn on the meaning of the CBA. As in
*Detabali,* Plaintiffs' claims are thus "independent of the collective-bargaining agreement"
and not preempted. *See id.*

Accordingly, the Court concludes that Plaintiffs' retaliation claims are not
preempted by Section 301 of the LMRA.

**D. Sua Sponte Remand to State Court**

Under 28 U.S.C § 1447(c), a removed action may be remanded sua sponte by the
Court. Remand is mandatory whenever it appears—at any time before final judgment—
that the federal district court lacks subject matter jurisdiction. *Id.* It is apparent from
Defendants Notice of Removal, that absent the application of Section 301 preemption,
there is no basis for federal subject matter jurisdiction. *See generally* Notice of Removal
in *Torres* Case (Dkt. 1); Notice of Removal in *Rea's* Case (Dkt. 1). As the Court has
determined that Plaintiff's claims are not preempted by Section 301, the Court lacks

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00148-DOC-ADS                                        Date: May 7, 2025
                                                                       Page 11

jurisdiction over this matter and the proper recourse is to remand to state court. *See Hendrix v. Ktla,* 2021 U.S. Dist. LEXIS 198591, *20 (C.D. Cal. Jan. 3, 2021) (remanding sua sponte to state court because defendants removed the case solely on LMRA preemption grounds and the LMRA did not preempt any of the state law claims). There is no assertion by the parties that there is diversity jurisdiction here. Accordingly, the Court orders this case remanded.

## IV. Disposition

For the reasons explained above, the Court **DENIES** Defendants' Motions for Judgment on the Pleadings. Additionally, the Court also **REMANDS** this case to the Superior Court of the State of California, County of Orange and **VACATES** the hearing on May 12, 2025.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                        Initials of Deputy Clerk: kd

CIVIL-GEN